UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ETHICON PHYSIOMESH FLEXIBLE
COMPOSITE HERNIA MESH PRODUCTS
LIABILITY LITIGATION                                                                MDL No. 2782

**TRANSFER ORDER**

**Before the Panel:**[*]  Plaintiff in the *Nicholson* action listed on Schedule A moves under Panel Rule 7.1 to vacate our order conditionally transferring the action to MDL No. 2782.  Defendants Ethicon, Inc., and Johnson & Johnson oppose the motion to vacate.

After considering the argument of counsel, we find that *Nicholson* involves common questions of fact with the actions transferred to MDL No. 2782, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.  Like many of the already-centralized actions, *Nicholson* involves factual questions arising out of allegations that defects in defendants' Physiomesh hernia mesh can lead to complications when implanted in patients.  *See In re: Ethicon Physiomesh Flexible Composite Hernia Mesh Prods. Liab. Litig.*, 254 F. Supp. 3d 1381 (J.P.M.L. 2017).

In opposing transfer, plaintiff argues that *Nicholson* is unique because plaintiff was implanted with and suffered damages from two separate Ethicon hernia mesh products—Physiomesh and Proceed.  Plaintiff also argues that transfer will cause her prejudice and delay.  The presence of claims involving a separate hernia mesh product does not preclude transfer.  *See, e.g., In re: Auto Body Shop Antitrust Litig.*, 37 F. Supp. 3d 1388, 1390 (J.P.M.L. 2014) ("Transfer under Section 1407 does not require a complete identity of common factual issues or parties as a prerequisite to transfer . . ..").  In fact, the Panel has transferred to MDL No. 2782 actions involving claims that plaintiff was implanted with a Physiomesh hernia device and another hernia device manufactured by a different defendant.  *See* CTO-34, MDL No. 2782, ECF No. 244 (J.P.M.L. 2018) (transferring *Stewart v. Johnson & Johnson, et al.*, C.A. No. 2:18-cv-02014 (W.D. Tenn.), which alleges injuries from Physiomesh and a device manufactured by C.R. Bard, Inc. and Davol Inc.).  Moreover, discovery in *Nicholson* and the MDL No. 2782 actions will overlap concerning Physiomesh.  As we have held, while it might inconvenience some parties, transfer of a particular action often is necessary to further the expeditious resolution of the litigation taken as a whole.  *See, e.g., In re: IntraMTA Switched Access Charges Litig.*, 67 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014).  The transferee judge is in the best position to structure proceedings so as to minimize inconvenience to any individual party.

---

[*] Judge Nathaniel M. Gorton took no part in the decision of this matter.

-2-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable Richard W. Story for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

*Sarah Vance*

Sarah S. Vance
Chair

Lewis A. Kaplan        Ellen Segal Huvelle
R. David Proctor       Catherine D. Perry
Karen K. Caldwell

**IN RE: ETHICON PHYSIOMESH FLEXIBLE
COMPOSITE HERNIA MESH PRODUCTS
LIABILITY LITIGATION**                                              MDL No. 2782

## SCHEDULE A

<u>Eastern District of Arkansas</u>

NICHOLSON v. JOHNSON & JOHNSON, ET AL., C.A. No. 4:18-00576

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: __12/6/2018_____

JAMES N. HATTEN, Clerk

By: ___s/ Bao Tran Le_____
          Deputy Clerk